CLARISSA D. DEMENDOZA
APPELLANT FROM DECREE OF JUDGE OF PROBATE
IN RE ESTATE OF ALFRED WANDKE.

Androscoggin.    Opinion, August 22, 1945.

*Crockett & Crockett,* for the appellant.

*Carl F. Getchell*, for the appellee.

SITTING: STURGIS, C. J., THAXTER, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER, J.   The appellant, Clarissa D. deMendoza, formerly Clarissa D. Wandke, was married to Alfred Wandke of Lewiston on September 19, 1935. By him she had two children. He died February 14, 1941, leaving the appellant and the two children surviving, also a child by a former marriage. His will, drawn June 16, 1932, three years before his second marriage, was allowed by the Probate Court for the County of Androscoggin on December 3, 1941, and Harold L. Redding was appointed administrator d.b.n.c.t.a. on February 14, 1943 on the resignation of the executor qualifying under the will. On February 29, 1944 the appellant filed a petition in the Probate Court praying that the decree allowing the will should be vacated and annulled. The basis for such prayer was that the will drawn before marriage was revoked by the marriage coupled with the birth of the first child. The judge of probate declined to vacate the decree allowing the will, and from this ruling an appeal was taken to the Supreme Court of Probate which dismissed the appeal. From this ruling the case is before us on exceptions.

The question before us is one of law. Does marriage coupled with the birth of a child revoke a will made prior to marriage?

Our statutes, Rev. Stat. 1930, Ch. 88, Sec. 3, now Rev. Stat. 1944, Ch. 155, Sec. 3, prescribe the manner in which a will may be revoked. Among other methods therein enumerated, it is provided that a will may be revoked "by operation of law from subsequent changes in the condition and circumstances of the maker." And counsel call to our attention the rule of the common law that marriage and the birth of a child revoked a will.

Conceding that such is the rule at common law, it does not now apply in this state, and marriage and the birth of a child

do not constitute such a change in the condition and circumstances of the maker of a will as to result in a revocation of it. The reason for the common law rule was that the presumption would be that the testator did not intend that the will, which made no provision for those nearest and dearest to him, should remain in force. But in view of the provisions of Rev. Stat. 1930, Ch. 88, Sec. 9, and Ch. 89, Sec. 14, now found in Rev. Stat. 1944, Ch. 155, Sec. 9, and Ch. 156, Sec. 14, making provision for a wife or children not provided for under a will, the reason for the rule no longer exists. As was said in *Emery, Appellant,* 81 Me., 275, 17 A., 68, 69, "when the reason of any particular law ceases, so does the law itself." The reasoning of the court in the *Emery* case is peculiarly applicable here. At common law the will of a feme sole was revoked by her marriage because at common law marriage destroyed her testamentary capacity. The case holds that the common law rule was abrogated when the legislature by statute provided that a married woman could make, or alter, or revoke a will.

In permitting his will to stand, the testator in the instant case may well have had in mind the fact that his wife and children would by reason of the statute be taken care of. Why should there be a revocation of the entire will under such circumstances? As the reason for the old rule no longer exists, the rule itself is abrogated.

*Exceptions overruled.*
*Decree affirmed.*